MAYS AND ROTENBERG, LLP
Leah Rotenberg, Esquire
Attorney I.D. No. 203690
1235 Penn Avenue, Suite 202
Wyomissing, PA 19610
610.400.0481  (fax) 610.350.4608                    Attorney for Creditor/Plaintiff

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LUZ M. PHIPPS, DEBTOR<br>Debtor | : Adversary Case No. _____<br>:<br>: Case No. 22-10719-PMM<br>:<br>: CHAPTER 13<br>: |
| EDWIN J. JUAN ALTRECHE<br>Plaintiff<br>   v.<br>LUZ M. PHIPPS<br>Defendant | : JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2) and 523 (a)(6)

Plaintiff and Creditor Edwin J. Juan Altreche, by and through his undersigned attorney, Leah Rotenberg and Mays & Rotenberg, LLP, brings this action against Luz M. Phipps, to except the debt owed to him by Phipps from discharge. In support thereof Plaintiff avers as follows:

### PARTIES

1. Plaintiff Edwin J. Juan Altreche is an adult individual currently residing at 1030 Walnut Street, Reading, Pennsylvania 19601.

2. Defendant Luz M. Phipps is the former owner of 1030 Walnut Street, Reading, Pennsylvania 19601, with a last known address of 821 Locust Street, Reading, PA 19604.

3. Defendant petitioned for bankruptcy under Chapter 13 of the United States Bankruptcy Code on or about March 24, 2022.

4. Defendant named Plaintiff as a creditor in her bankruptcy petition.

## JURISDICTION AND VENUE

5. Plaintiff brings this action pursuant to 11 U.S.C. §§523(a)(2)(A), 523(a)(2)(b), 523(a)(6). Plaintiff seeks judgment, inter alia, determining Defendant's debt to Plaintiff to be non-dischargeable under 11 U.S.C. §§523(a)(2)(A), 523(a)(2)(B), and 523(a)(6).

6. This Court has jurisdiction over this adversary proceeding pursuant to (i) 28 U.S.C. §1334, as a civil proceeding arising under the United States Bankruptcy Code ("Bankruptcy Code") or arising in a case commenced under the Bankruptcy Code; and (ii) 28 U.S.C. §157 as a civil proceeding which constitutes a core proceeding.

7. Venue lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§1408(1) and 1409(a), as this is a proceeding arising under the Bankruptcy Code or arising in a case commenced by the Debtor under Chapter 13 of the Bankruptcy Code in the Eastern District of Pennsylvania.

## FACTS

8. On or about May 23, 2019 Plaintiff entered into an Agreement of Sale for the purchase of 1030 Walnut Reading, Pennsylvania 19601 (hereinafter "the Property") for $43,104.00.

9. The Property is a three-bedroom row home with one full bathroom.

10. The Property is the first home that Plaintiff has ever purchased, after working many years to save toward a down payment.

11. Plaintiff currently resides at the Property with his fiancée and their infant children.

12. The Agreement of Sale was between Plaintiff and Defendant.

13. Defendant had purchased the property in 2007.

14. Closing on the property occurred on or about July 29, 2019.

2

15. Defendant Phipps executed a Seller's Disclosure Statement on or about December 17, 2018 (see Exhibit A).

16. Unbeknownst to Plaintiff, or about November 30, 2018, Inspector Jamie Imbesi of the City of Reading Property Maintenance Division had cited Defendant Phipps for violations of four sections of the City Code.

17. Inspector Imbesi found that there was "Sewer backup in the basement" of the Property.

18. Inspector Imbesi described the Property as "unfit for human occupancy due to sewer backup in the basement."

19. Previous inspections of the property, including one conducted by Inspector Bruce McAfee in May 2014, had also noted sewer back-up in the basement.

20. During the 2014 inspection, Mr. McAfee had also noted that one second floor room did not meet requirements for use as a bedroom due to a lack of a permanent heat source.

21. On or about November 30, 2018, the City of Reading had placed a placard in the window of the home on 1030 Walnut Street, indicating that it was condemned.

22. By December 31, 2018, Defendant had listed the property for sale.

23. Advertisements for the property indicated that it featured "many plumbing upgrades."

24. In the Seller's Disclosure, Defendant alleged that she was not "aware of any past or present leaks, backups, or other problems relating to the sewage system and related items."

25. In the Seller's Disclosure, Defendant alleged that she was not aware of any water leakage or dampness in the basement, despite being cited for sewer back-up in the basement during the previous month.

26. In the Seller's Disclosure, Defendant alleged that she not aware of any problems or repairs required for the heating system.

27. In the Seller's Disclosure, Defendant claimed that the property, which had been pronounced unfit for human habitation in November 2018, was occupied between March 1, 2018 and December 15, 2018.

28. In the Seller's Disclosure, Defendant did not respond, at all, to questions regarding problems with any plumbing fixtures.

29. Plaintiff commissioned an inspection from Brandywine Home Inspectors.

30. Plaintiff commissioned an appraisal by Hinchliffe Appraisal Services.

31. Given the nature of the defects concealed by the Defendant, said defects were not observable to home inspectors or appraisers.

32. Plaintiff and his agents relied on the false statements and omissions in Defendant's Seller's Disclosure Statement.

33. Within three months of closing on the property, Plaintiff began to observe sewage accumulating in his basement.

34. By March 2, 2020, a Department of Public Works inspector had identified a blockage in the home's sewer and had ordered Plaintiff to hire a plumber.

35. By March 5, 2020, a UGI inspector had informed Plaintiff's fiancée that the boiler and water heater did not meet local safety code requirements and could lead to unsafe levels of carbon monoxide in the home.

36. Plaintiff is at risk of having his home declared unfit for human habitation because of the ongoing presence of sewage.

37. Plaintiff has spent substantial money on repairs and inspections of the property since settlement.

38. Repair of the Property's sewer line, and reimbursement of Plaintiff's out-of-pocket expenses to date, will cost approximately $25,000.

39. Sewage penetration in Plaintiff's basement has damaged Plaintiff's appliances and personal belongings.

40. Plaintiff is concerned for the safety of his fiancée and infant children because of the ongoing contamination of the home, as well as safety concerns identified with the boiler and water heater.

41. Because the home was condemned within weeks of Defendant listing it for sale, Plaintiff avers that all material defects in the Property were apparent to Defendant before completion of the Seller's Disclosure Statement and closing on the property.

42. Plaintiff brought an action against Defendant in the Berks County Court of Common Pleas, alleging fraud and other causes of action, on or about May 24, 2021.

## COUNT I – DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

43. The allegations contained in the preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth at length.

44. During the entire period of negotiation between Plaintiff and the Defendant, the Property was represented as being without any major defects that would make it unsafe for occupancy.

45. These false representations were made either explicitly through posted advertisements for the property and an executed Seller's Disclosure Statement, or implicitly through lack of acceptable detail in the Seller's Disclosure Statement.

46. For example, on the Seller's Disclosure Statement, Defendant indicated that she was not aware of any problems with the sewer system.

5

47. The actual state of the Property was unsafe, as sewage accumulated in the basement, and both the boiler and water heater are unsafe for use.

48. Defendant knew or should have known of these defects prior to the sale of the home.

49. Defendant made false representations fully intending that the Plaintiff rely on them in deciding to purchase the Property.

50. Had Defendant provided Plaintiff with a full accounting of the material defects at the property, Plaintiff would not have purchased the Property.

51. Plaintiff reasonably relied on the representation made by Defendant and purchased the Property.

52. Based on the fraudulent misrepresentations made by Defendant to Plaintiff, Plaintiff owns and resides in a residence where he lives in fear of recurring unseen dangers.

53. Based on the misrepresentations made by Defendant, Plaintiff will have to expend a minimum of $25,000 in personal funds to ensure the safety of his family from the material defects throughout the Property.

WHEREFORE, Plaintiff is entitled to have his debt determined non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), and to collect $25,000 owed by Defendant.

### COUNT II – DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(2)(B)

54. The allegations contained in the preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth at length.

55. Defendant's Seller's Disclosure Statement is a statement in writing that included numerous claims that were materially false.

56. Most notably, Defendant claimed, in writing, to have no knowledge of sewage leaks and backups, although her home had been condemned due to sewage leaks just weeks before.

6

57. Plaintiff reasonably relied on Defendant's statements in the Seller's Disclosure Statement in deciding to purchase the Property.

WHEREFORE, Plaintiff is entitled to have its debt determined non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(B), and to collect $25,000 owed by Defendant.

### COUNT III – DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(6)

58. The allegations contained in the preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth at length.

59. Defendant willfully and maliciously caused injury to Plaintiff by mispresenting facts throughout negotiations over the Property.

60. Through her willful and malicious conduct, Defendant intentionally induced Plaintiff to purchase a home, which had been recently condemned, at market price.

61. Through her willful and malicious conduct, Defendant concealed expensive defects in the home that cost Plaintiff time and money to address.

62. Through her willful and malicious conduct, Defendant enriched herself at Plaintiff's expense, selling him a condemned home at market price.

WHEREFORE, Plaintiff is entitled to have his debt determined non-dischargeable pursuant to 11 U.S.C. §523(a)(6), and to collect $25,000 owed by Defendant.

Respectfully submitted,

Dated: July 18, 2022

Leah Rotenberg, Esquire
Mays & Rotenberg, LLP
Attorney I.D. No. 203690
1235 Penn Avenue, Suite 202
Wyomissing, Pa. 19610
610-400-0481
Attorney for Plaintiff/Creditor
Edwin J. Juan Altreche

## VERIFICATION

I, Edwin J. Juan Altreche, Plaintiff in the above-captioned matter hereby verify under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

DATED: July __18__, 2022

_____
EDWIN J. JUAN ALTRECHE
Plaintiff